FORD MOTOR CO. v. INTERNATIONAL AUTOMOBILE LEAGUE et al.

(District Court, W. D. New York.   October 30, 1913.)

PATENTS (§ 191*) — RIGHTS OF PATENTEE — LICENSE AGREEMENT RESTRICTING PRICES.

    A patentee cannot restrict the price at which the patented article may be sold in the open market by a form of license agreement between him and dealers so as to bind a good-faith purchaser from such dealers.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 268; Dec. Dig. § 191.*]

In Equity.   Suit by the Ford Motor Company against the International Automobile League and others.   On motion to vacate order for preliminary injunction and dismiss bill.   Motion to dismiss denied. Motion to vacate injunction order granted.

Lucking, Helfman, Lucking & Hanlon, of Detroit, Mich., for complainant.

Corcoran & Corcoran, of Buffalo, N. Y., for defendant.

HAZEL, District Judge.   In the month of March, 1913, this court made an order specially enjoining the defendants herein from representing or advertising that they could or would sell to their members or customers the Ford automobile with its patented parts at less than the regular prices of the Ford Motor Company, and, generally, from infringing complainant's patents and license restrictions.   Subsequently the Supreme Court of the United States, in Bauer & Cie et al. v. O'Donnell, 229 U. S. 1, 33 Sup. Ct. 616, 57 L. Ed. 1041 (the Sanatogen Case), held that:

"A patentee may not by notice limit the price at which future retail sales of the patented article may be made, such article being in the hands of a retailer by purchase from a jobber who has paid to the agent of the patentee the full price asked for the article sold."

And now this motion comes on to vacate the preliminary injunction and dismiss the bill.

Argument on the motion has been had and the facts and law fully considered, and I am of opinion that the case comes within the principle enunciated in the Sanatogen Case, supra, and in Bobbs-Merrill Co. v. Straus, 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086, which cases are not essentially different as to facts.   In the Sanatogen Case the disregarded restriction was a notice on the package as to the price

at which the article could be sold by the retailer, while in this case it was a condition of the contract by which the dealer or dealers agreed to sell the Ford automobiles at the list price currently advertised by the complainant company. It may fairly be presumed from the dealer's license and agreement to which my attention is drawn that the dealers who sold the automobiles to the defendants, or either of them, were the full owners thereof, having paid for the same in accordance with the terms of the license, and therefore were not merely in possession under the ordinary conditional contract of sale. As there was no privity of contract between the complainant company and the defendants, the latter, in my judgment, had the right to purchase the machines in question with their patented parts from dealers at a discount unless there was fraud or deceit in the transaction; but, giving effect to the doctrine of the Sanatogen Case, the full purchase price having been paid, the complainant's monopoly did not extend per se to the defendants who purchased from its dealers. Such being the fact, the complainant had parted with title to the automobiles in question, and its control over them then ceased as to third parties. To my mind, it makes no difference as to the third parties whether the complainant's restriction as to future sales prices by retailers was by notice attached to the article or directly by contract with its jobbers or retailers.

It is not improbable that the phrasing of the bill is sufficiently comprehensive to warrant granting an injunction at final hearing on the ground that the defendants had full knowledge of the license contracts restricting the resale price and fraudulently induced the licensees to break their contracts with the complainant company; but the injunction was granted upon another theory, namely, that the patentee had a right to restrict the price at which his article should be sold in the open market by a form of license agreement between the complainant company and its dealers, and I am now disinclined to continue it on such grounds.

In these circumstances I think that the preliminary injunction should be vacated; but, as the complainant may be entitled at final hearing to injunctive relief, the motion to dismiss the bill is denied.